UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Courtney B., | Case No. 24-CV-4172 (TNL) |
| Plaintiff, | |
| v. | ORDER |
| Martin J. O'Malley, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Courtney B. brings this action appealing the denial of his application for social security benefits. Plaintiff did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 3. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

"The central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Texas Dep't of Criminal Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam). The IFP application shows that Plaintiff herself has no income, but her spouse earns approximately $8,000 per month and possesses substantial liquid and illiquid assets, including $8,000 in savings, a $70,000 truck, a $80,000 camper, and a $400,000 home. *See* ECF No. 3 at 2-3. By all indications, Courtney B. shares assets and income with her spouse, *see* ECF No. 3 at 4 (showing all expenses of Courtney B. paid by spouse), reflecting that the spouse's income and assets may also be fairly attributed to Courtney B. in determining whether she qualifies for IFP status, *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)

("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend'" (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978))).[1]

The Court concludes that the familial income and assets of Plaintiff support a finding that payment of the filing fee in this matter would not amount to an undue hardship. The IFP application is denied on that basis. Courtney B. must pay the $405.00 filing fee for this action within 21 days of the date of this order, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The application to proceed *in forma pauperis* of plaintiff Courtney B. [ECF No. 3] is DENIED.

2. Plaintiff must pay the $405.00 filing fee for this matter within 21 days of the date of this order, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.

[Continued on next page.]

---

[1] If this Court is mistaken and the finances of Courtney B. and her spouse are not substantially intertwined, then Courtney B. may reapply for IFP status with an amended IFP application that clearly reflects only the income and assets that are reasonably available to her.

Dated: November 15, 2024                  *s/ Tony N. Leung*

                                          _____
                                          Tony N. Leung
                                          United States Magistrate Judge